**The below described is SIGNED.**

(ts)

**Dated: May 21, 2010**

*William J. Thurman*
_____
**WILLIAM T. THURMAN**
**U.S. Bankruptcy Chief Judge**

MICHAEL J. PETRO (4241)
~~DOUGLAS J. NIELSEN (11734)~~
**YOUNG, KESTER & PETRO**
*Attorneys for Plaintiffs*
75 South 300 West
Provo, Utah 84601
Telephone: (801) 379-0700

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

| | | |
|---|---|---|
| In re Don Clifton Sterrett, | : | **FINDINGS OF FACT AND** |
| Debtor. | | **CONCLUSIONS OF LAW** |
| | : | |
| Kelly D. Hardman and Michael D. Richmond, | | Case No. 09-25394 WTT |
| | : | Chapter 7 |
| Plaintiffs, | | |
| v. | : | |
| | | |
| Don Clifton Sterrett, | : | Adversary Proceeding No. 09-02398 |
| Defendant | | |

This matter came on for hearing on April 29, 2010 before the Court on the Court's Order to Show Cause why the case should not be dismissed. The Court after having heard the arguments of Plaintiffs' and after having reviewed the pleadings on file herein hereby finds as follows:

**FINDINGS OF FACT**

1. On or about September 4, 2009, Plaintiff filed the complaint with the court.

2. On or about September 17, 2009, Plaintiff served the summons upon the Defendant.



3. Plaintiff's lawyer filed a default certificate and order, which were returned unsigned on or about November 16, 2009, stating that a default certificate must be a separate document.

4. On or about December 15, 2009, Plaintiff's lawyer submitted a new default certificate and order, this time on separate documents.

5. On or about December 21, 2009, the order was returned to Plaintiff's lawyer unsigned for improper service because the Debtor's attorney had not been served, pursuant to F.R.B.P. 7004(g).

6. On or about January 11, 2010, Plaintiff's counsel then served summons upon the Defendant and his lawyer. Shortly thereafter, Plaintiff filed with the court a default certificate and order.

7. On or about February 11, 2010, default was denied based on non-compliance with F.R.B.P. 7004(e) because the service was beyond fourteen (14) days from the filing of the summons.

8. On or about February 17, 2010, in an effort to remedy the service, Plaintiff issued a new summons and executed service of the summons on February 22, 2010 upon the Defendant, but did not serve Defendant's attorney, pursuant to F.R.B.P. 7004(g).

9. The Court set the matter for an Order to Show Cause hearing on April 21, 2010, which hearing was continued to April 28, 2010.

## CONCLUSIONS OF LAW

The Court after having made it's findings of fact, hereby concludes as follows:

1. The Order to Show Cause is withdrawn.

2. The Court grants a permissive extension of time to serve the Defendant and Defendant's counsel.

3. Summons shall issue within ten (10) days from the date of the hearing.

4. Summons and Complaint shall be served upon the Defendant and Defendant's counsel within thirty (30) days from the date of the hearing.

DATED this _____ day of May, 2010.

Signed.

## MAILING CERTIFICATE

I certify that a copy of the foregoing was mailed postage prepaid to the following, on the 4 day of May, 2010.

Don Clifton Sterrett
270 North 400 West #6
Orem, Utah 84057

Dane L. Hines, Esq.
210 West 200 North, #206
Provo, UT 84057